IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DENIS N. DUBUC,

    Petitioner,

v.                                        CASE NO. 1:11-cv-267-MP-GRJ

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1.)  Petitioner has not paid the filing fee or filed a motion to proceed *in forma pauperis*.  For the reasons discussed below, it is **RECOMMENDED** that the petition be **DISMISSED** under the Younger v. Harris abstention doctrine.

Petitioner is currently incarcerated at the Alachua County Jail awaiting trial on several felony charges.  Petitioner states that he was previously held at the Alachua County Jail, found not competent to stand trial, transferred to a mental health facility, and now has apparently been returned to the jail while his criminal case continues.  Petitioner seeks to have all of his charges dismissed and alleges violations of his due process rights.  Petitioner also alleges that he received ineffective assistance of counsel from his first public defender.  (Doc. 1).

This Court must abstain from passing on Petitioner's claim pursuant to the Younger v. Harris abstention doctrine.  401 U.S. 37 (1971).  "Under Younger v. Harris and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances."  Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc., 124 F.3d 1258, 1261 (11th Cir. 1997).  Younger was concerned with

the equitable restraint by federal courts of state court criminal proceedings that had yet to run their course and was "founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."  Hughes v. Att'y Gen. Of Florida, 377 F.3d 1258, 1264 n.7 (11th Cir. 2004).  The exceptions to Younger are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised.  Id. at 1263 n.6.

None of the Younger exceptions apply in this case.  Any interference by this Court in those state court criminal proceedings would defy the "strong federal policy against federal-court interference with pending state judicial proceedings" expressed by the Supreme Court in Younger.  Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Petitioner's Petition for Writ Of Habeas Corpus should be **DISMISSED**.

**IN CHAMBERS** in Gainesville, Florida, this 19th day of December 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**